947 F.2d 950
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard M. PACHULSKI, Plaintiff-Appellee,
v.
TOPA THRIFT AND LOAN ASSOCIATION; Peoples Investment and
Loan Association, Defendants-Appellants.
 No. 90-56159.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1991.*
Decided Oct. 29, 1991.
 
 Before POOLE, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 I.
 OVERVIEW
 
 2
 Richard M. Pachulski (Pachulski), the trustee in bankruptcy for debtor, Douglas D. Gross (Gross), sued TOPA Thrift & Loan Assn. (TOPA) claiming breach of fiduciary duty, the duty of good faith and fair dealing, fraud, RICO violations, conspiracy, and for cancellation of a trustee's deed, held by TOPA. After obtaining a summary judgment in its favor, TOPA sought to recover attorneys' fees from Pachulski under a clause in the loan agreement with Gross.
 
 
 3
 The district court denied TOPA's motion. TOPA now appeals. WE AFFIRM.
 
 II.
 BACKGROUND[1]
 
 4
 Gross owned a single-family residence located at 606 South Plymouth Street, Los Angeles, California (Windsor House). In order to secure funds for construction work on the Windsor House, Gross applied for a loan at TOPA in June, 1982. TOPA approved a loan to Gross on June 22, 1982 for $525,000. According to a letter agreement, $250,000 was to be used for payments on construction, and the rest was set aside in a "sinking fund", from which TOPA was to service the debt on the principal.
 
 
 5
 TOPA made its final disbursements from the construction reserve account in early October of 1982. Gross then authorized the payment of construction costs from the "sinking fund". However, due to those payments, TOPA no longer held sufficient funds for payment of installments on the loan. Therefore, Gross became personally liable for those payments. When Gross failed to make the interest payment due September 23, 1982, TOPA recorded a notice of default on October 12, 1982.
 
 
 6
 On June 15, 1983, a notice of trustee's sale was recorded, setting a sale date of July 13, 1983. Gross filed Chapter 11 Bankruptcy on October 5, 1983, which stayed the foreclosure sale. The original complaint in this action was filed by Pachulski on April 23, 1985. TOPA moved for summary judgment.
 
 
 7
 The district court granted TOPA's motion, finding no genuine issue of material fact. TOPA then requested attorneys' fees pursuant to the attorneys' fees clause in the promissory note. However, the court found that Pachulski's action was not "an action on a note nor was it an action to rescind a note" and denied TOPA's motion. This appeal now follows.
 
 III.
 STANDARD OF REVIEW
 
 8
 Whether the district court erred in denying appellant's motion for attorneys' fees is reviewed for an abuse of discretion. Cunningham v. County of Los Angeles, 879 F.2d 473, 483 (9th Cir.1988) (civil rights action).
 
 IV.
 DISCUSSION
 
 9
 TOPA disputed the district court's determination that Pachulski's action was not based "on the contract," and thus was not within the provisions of California Civil Code § 1717 (allowing the award of attorney's fees in actions on the contract when specifically provided for in the contract).
 
 
 10
 On July 22, 1982 Gross signed a promissory note agreeing to pay TOPA $525,000 with interest. This promissory note contained a clause stating: "[i]f collection is instituted on this note then TOPA shall be entitled to recover from Borrower(s) reasonable attorney fees and expenses incurred in connection therewith. If court action is instituted on this Note the Borrower(s) promise(s) to pay such sum as the Court may fix as attorneys fees".
 
 
 11
 Pachulski's only claim relating to a contract is in the second cause of action, alleging a breach of the implied covenant of good faith. In the second cause of action, Pachulski identifies the alleged "agreement" as follows:
 
 
 12
 Defendant, TOPA, entered into a written contract with the debtor, GROSS, calling for the provision to him, or on his behalf, of the sum of $525,000.00, to include $250,000.00 as and for a construction loan to satisfy GROSS' funding needs with regard to his contract with Croxton, as herein alleged, and also calling for the institution of a separate "sinking fund" which was to be utilized to service GROSS' debt with defendant TOPA.
 
 
 13
 The "agreement" that is pleaded in Pachulski's second cause of action is not the promissory note. The separate "sinking fund" for loan payments was created in a separate letter agreement of July 22, 1982. It was not part of the promissory note, and it does not contain an attorneys' fees clause. Since the relevant "contract" contains no attorneys' fee clause, TOPA is not entitled to attorneys' fees.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Please see the background section in Pachulski v. TOPA Thrift & Loan Association (90-55283, 90-55686), for a more detailed accounting of the facts